**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JULIE SKINNER,<br><br>Plaintiff;<br><br>vs.<br><br>WAURIKA INDEPENDENT SCHOOL DISTRICT #1023,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-2016-832-M<br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

## PARTIES

1. The Plaintiff is Julie Skinner, an adult female resident of Jefferson County, Oklahoma.

2. The Defendant is Waurika Independent School District #1023, located in Jefferson County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action for gender discrimination including creation of a hostile working environment, and retaliation for complaining of such discrimination and harassment as prohibited by Title VII of the Civil Rights Act and Oklahoma Anti-Discrimination Act (OADA).

4. Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. The state law claim arises out of the same core of facts, and jurisdiction over such claim is provided by 28 U.S.C. § 1367.

5. All of the actions complained of occurred in Jefferson County Oklahoma, which is located within the Western District of Oklahoma wherefore venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

**CONDITIONS PRECEDENT**

6. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 4, 2015.
7. Plaintiff was issued a notice of right to sue dated May 11, 2016, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice.
8. Plaintiff has exhausted her administrative remedies under federal and state law

**STATEMENT OF FACTS**

9. Plaintiff was employed by the Defendant from approximately October 2001 until May 13, 2015.
10. At the time of her termination, Plaintiff was employed in the position of Cafeteria Worker.
11. Around August 27, 2014, Ernest Tolle, (Custodian) came into the Plaintiff's work area and began to discuss his sex life with the Plaintiff. During this conversation, Mr. Tolle got in Plaintiff's face and made a comment to the effect of "one night with me and you will never want to be with anyone else".
12. Plaintiff found Mr. Tolle's conduct to be offensive and unwelcome and advised him of such. Despite Plaintiff's complaints, he continued to engage in such behavior.

13. Around September 2, 2014, Plaintiff complained to Mr. Terry, Principal, and Mr. Spradlin, Superintendent, regarding Mr. Tolle's behavior.

14. Despite Plaintiff's complaints to Mr. Terry and Mr. Spradlin, the harassment continued. Defendant took no corrective action and did not remedy the harassment.

15. Following Plaintiff's complaint and continuing throughout the remainder of her employment, Mr. Tolle continued to engage in sexually inappropriate and unwelcome behavior. Debra Tolle, Mr. Tolle's wife and Plaintiff's cafeteria co-worker, also began to engage in such behavior in order to harass the Plaintiff.

16. Examples of such conduct include, but are not limited to the following:

A. Every Wednesday, Mr. Tolle would come into the kitchen proclaiming that it was "hump day" and put on a display of thrusting and grinding on his wife Debra while making loud sexual noises

B. Multiple times a week, Mr. Tolle would ask Plaintiff if she wanted to have "monkey sex" with him because it was the best kind.

C. Mr. Tolle instructed Plaintiff that she needed to bend over and take it like a woman approximately 3-4 times a week during October and November of 2014.

D. Mr. Tolle would fondle his wife's breasts and other body parts in front of Plaintiff on a near daily basis.

E. Mr. Tolle would stand in the doorway to block the Plaintiff's ability to exit the room while grabbing his privates and making comments such as "you know you want this", etc. on a near daily basis

F. Ms. Tolle would put her phone, which displayed pictures of Mr. Tolle's private parts, in Plaintiff's face and make comments to the effect of "look how big he is" and "don't you wish your husband had this" approximately 2-3 times in October 2014.

17. Plaintiff complained on a near weekly basis to Mr. Terry regarding Mr. and Ms. Tolle's behavior. Despite Plaintiff's complaints, no corrective action was taken.

18. Around the end of January /beginning of February 2015, Mr. Spradlin responded to one of Plaintiff's complaints by stating the Plaintiff that he was not going to do anything unless Mr. Tolle was physically touching her.

19. The Defendant's refusal to stop the discriminatory actions or take corrective action following Plaintiff's complaints accompanied by the outrageous and extremely offensive comments, created a hostile environment.

20. In retaliation for complaining to Administration about their behavior, Mr and Ms. Tolle engaged in behavior intended to harass and intimidate the Plaintiff. Examples of such conduct include, but are not limited to the following:

A. Ms. Tolle began making frivolous and false complaints against the Plaintiff and the manner in which she performed her job duties.

B. Mr. Tolle informed the Plaintiff that he owned a gun and was "not afraid to use it".

C. Mr. and Ms. Tolle would drive down Plaintiff's street and either loudly rev the engine or stop and stare into her windows.

21 The conduct of Mr. and Ms. Tolle created a hostile and abusive work environment in which the Plaintiff dreaded going into work and found it increasingly difficult to perform her job duties as doing so required that she interact with Ms. Tolle.

22. Around May 13, 2015, Plaintiff's employment was terminated by Mr. Spradling.

23. The reason given for Plaintiff's termination was the failure to clock out when leaving the premises during work hours.

24. The reason given for Plaintiff's termination is false and pretextual in that Plaintiff had specifically been instructed that she did not need to clock out when she left to pick up her grandson for school and several of Plaintiff's co-workers routinely failed to clock out when they left the premises but they were allowed to remain employed.

25. As the direct result of Defendants' conduct, the Plaintiff has suffered damages in form of wage loss, past, present and future, and dignitary harms including worry, anxiety, and other similar unpleasant emotions.

26. Gender discrimination, including sexual harassment and creating a hostile working environment, and retaliation (including termination) after Plaintiff complained of such discrimination, violates Title VII and the OADA.

27. Because the Defendants' action was willful, malicious or, at the least, in reckless disregard of Plaintiff's right to collect her wages, Plaintiff is entitled to an award

of punitive damages under Title VII. Plaintiff is entitled to liquidated damages under the OADA.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff all of her actual damages, together with punitive damages, pre- and post judgment interest, and attorney costs and fees.

**RESPECTFULLY SUBMITTED THIS 22nd DAY OF JULY, 2016**

s/ Christine C. Vizcaino
Christine C. Vizcaino, OBA #30527
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd. Suite H
Oklahoma City, OK 73134
Telephone: 405-607-4357/ 405-607-4358 (Fax)
christine@mazaherilawfirm.com
*Attorney for Plaintiff*

***Attorney's Lien Claimed***